**Rafael LOPEZ–LUCIO, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 09–71820.**

United States Court of Appeals, Ninth Circuit.

Submitted April 20, 2011.*

Filed May 4, 2011.

Antonio R. Salazar, Esquire, Salazar Law Office, Seattle, WA, for Petitioner.

Jacob Bashyrov, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RYMER, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM **

Rafael Lopez–Lucio, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion to reopen and reconsider.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and review de novo constitutional claims, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and we deny the petition for review.

The BIA was within its discretion in denying Lopez–Lucio's motion to reconsider because the motion failed to identify any error of fact or law in the IJ's underlying order pretermitting his applications for adjustment of status and cancellation of removal. *See* 8 C.F.R. § 1003.2(b)(1); *Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir.2001) (en banc). Lopez–Lucio's due process claims therefore fail. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice for a due process violation).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.